


# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 14, 1939

Honorable R. Emmett Morse, Speaker
House of Representatives
Austin, Texas

Dear Sir:

Opinion Number O-979
Re: Construction of House
Joint Resolution #45

We are in receipt of your letter of June 13, 1939, in which you request an opinion as to whether or not bonds issued under the authority of such a constitutional amendment as proposed in said H. J. R. 45 would constitute valid and legal obligations of such county.

We quote here the pertinent provisions of the resolution which we think are contained in Section 1, paragraph 1 of said resolution, which reads as follows:

"Upon the vote of a majority of the resident qualified electors owning taxable property therein so authorizing, the commissioners' court of Red River County, Texas, may levy an annual tax not to exceed twenty-five (25¢) cents on the one hundred dollars' valuation for a period not to exceed fifteen (15) years, for the purpose of refunding all the outstanding warrant indebtedness of the General Fund of such county and issue bonds under the provisions of the general law regulating the issuance of bonds to refund said indebtedness."

It is the opinion of this department that the bonds sought to be issued under authority of the proposed amendment would be valid and legal obligations of such county,

Honorable R. Emmett Morse, June 14, 1939, page #2

but only to the extent that same are issued and exchanged for legal and valid outstanding warrant indebtedness, in such manner as is now provided by general law. The proposed amendment seeks only to change the constitutional provisions with reference to the levy of taxes insofar as same affects Red River County, and we do not think it in anywise alters the general laws appertaining to the issuance of funding or refunding bonds. Accordingly, we are of the opinion that the legality of the warrants sought to be funded must be determined before the Attorney General could properly approve the bonds to be issued in lieu of and in exchange for such outstanding warrant indebtedness. The resolution, clearly, does not undertake to validate all warrant indebtedness now outstanding against the General Fund of Red River County.

Trusting that this satisfactorily answers your question, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Clarence E. Crowe*
Clarence E. Crowe
Assistant

CEC-s

APPROVED:

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN